UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

------------------------------------------------------------------x

HARRY EDMOND REAVES,

             Plaintiff,

      -against-

DEPARTMENT OF VETERANS AFFAIRS
(SECRETARY NICHOLAS);
THE NEW YORK CITY DEPARTMENT OF
HOMELESS SERVICES (COMMISSIONER HESS);
THE SALVATION ARMY; and
SENATOR HILLARY RODHAM CLINTON,

             Defendants.

------------------------------------------------------------------x

**MEMORANDUM AND ORDER**

08-CV-1624 (RJD)

DEARIE, Chief Judge.

      Plaintiff Harry Edmond Reaves brought this *pro se* complaint in the United States District Court for the Southern District of New York on July 17, 2007. It was transferred to this Court on April 14, 2008. Plaintiff's request to proceed *in forma pauperis* is granted, and he is granted leave to submit an amended complaint within 30 days of the date of this Order.

## BACKGROUND

      The Complaint describes plaintiff's frustration with the policies and practices regarding the provision of housing for homeless veterans. He alleges that at some unspecified time, he was released from Rikers Island and given a referral to a Men's Shelter operated by New York City's Department of Homeless Services ("D.H.S."). He alleges that he was sent to various facilities and frequently denied housing. He further alleges that the Mayor of New York, the Commissioner of D.H.S., and the Department of Veterans' Affairs ("V.A.") have changed the policies and programs for housing homeless veterans. As a result of these changes, Plaintiff alleges that he has been forced into the streets and suffered emotional hardship. He asserts that

these policies have denied him "a fair housing chance." (Complaint at 3.) Plaintiff further states that he has brought his concerns to the attention of Secretary Nicholas at the V.A., Commissioner Hess at the D.H.S., the Salvation Army, and Senator Hilary Rodham Clinton. (Complaint at 4, 6.) The only relief he seeks is an explanation from the V.A. and the City of New York as to how they intend to remedy the situation for homeless veterans and the implementation of a consistent program and services for himself and other veterans.

## DISCUSSION

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). However, a *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Indeed, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction. Unlike failure of personal jurisdiction, failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or

2

by the court *sua sponte*. If subject matter jurisdiction is lacking, the action must be dismissed." Lyndonville Sav. Bank & Trust Co. v. Lussier, 211 F.3d 697, 700-01 (2d Cir. 2000). See Fed. R. Civ. P. 12(h)(3). Federal subject matter jurisdiction is available only when a "federal question" is presented, or when plaintiff and defendant are of diverse citizenship and the amount in controversy exceeds $75,000. To invoke federal question jurisdiction, the plaintiff's claim(s) must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. §1331. "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law." State of New York v. White, 528 F.2d 336, 338 (2d Cir. 1995).

Plaintiff's claims arise out his frustration with New York City and federal agencies regarding the provision of shelter to homeless veterans. Neither the United States Constitution nor any of the statutes or regulations regarding veterans of the United States armed services establish any fundamental right to public housing or emergency shelter. Plaintiff's concern with "fair housing" and being "treated fairly" suggest a claim that could be cognizable under the Civil Rights Act, 42 U.S.C. § 1983 ("§ 1983"), or the Fair Housing Act ("FHA"), 42 U.S.C. § 3601, *et seq.*, but the instant complaint fails to state a claim under these acts.

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a *person* acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (emphasis added). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. Here, even if plaintiff could allege a deprivation of his constitutional rights, he has failed to show that any of the defendants are

3

amenable to suit under § 1983. Section 1983 claims against the Salvation Army would be dismissed because this private organization and its staff members are not "state actors." Section 1983 claims against the City and federal agencies would also be dismissed, because only individuals, and not entities such as agencies or facilities, may be considered "persons" for purposes of liability under § 1983. See Jones v. Nat'l Commc'n and Surveillance Networks, 409 F. Supp. 2d 456, 469 (S.D.N.Y. 2006)("City agencies, like federal and state agencies, are immune to suit to the extent that the suits 'shall be brought in the name of the City of New York and not in that of any agency.'"), quoting N.Y. City Charter § 396. Although the City of New York may be sued, a municipality can be liable under § 1983 only if a plaintiff can show that a municipal policy or custom caused the deprivation of his or her constitutional rights. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1978). Plaintiff has not made the requisite showing that would confer Monell liability on the City of New York. Finally, plaintiff's claims against Secretary Nicholas, Commissioner Hess, and Senator Hillary Rodham Clinton would all be dismissed, because plaintiff has not alleged any personal involvement by these individuals in any deprivation of his constitutional rights.

The FHA forbids discrimination in housing on the basis of race, color, religion, sex, familial status, or national origin and, as amended by the Fair Housing Amendments Act of 1988, handicap. See 42 U.S.C. § 3604. Plaintiff has not alleged that he was treated differently on the basis of one of these protected categories. His claim of disparate treatment rests on his status as a veteran, which is not one of the categories or classes protected by the FHA. Accordingly, he has also failed to state a claim under the FHA.

4

## CONCLUSION

Plaintiff's request to proceed *in forma pauperis* is granted. As plaintiff has failed to state a claim on which relief may be granted, the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). However, in light of plaintiff's *pro se* status, the Court grants him leave to amend his complaint within 30 days from the date of this Order. The amended complaint must be captioned, "Amended Complaint," and shall bear the same docket number as this Order. No summons shall issue at this time, and all further proceedings shall be stayed for 30 days or until plaintiff has complied with this Order. If plaintiff fails to comply with this Order within the time allowed, judgment dismissing the complaint shall be entered. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

RAYMOND J. DEARIE
United States District Judge

Dated: Brooklyn, New York
July 2 [ , 2008

5