UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                NOT FOR PUBLICATION
-----------------------------------------------------------------x
HARRY EDMOND REAVES,

            Plaintiff,

                               **MEMORANDUM AND ORDER**

      -against-

                               08-CV-1624 (RJD)

DEPARTMENT OF VETERANS AFFAIRS
(SECRETARY NICHOLAS);
THE NEW YORK CITY DEPARTMENT OF
HOMELESS SERVICES (COMMISSIONER HESS);
THE SALVATION ARMY; and
SENATOR HILLARY RODHAM CLINTON,

           Defendants.
-----------------------------------------------------------------x
DEARIE, Chief Judge.

By Order dated July 21, 2008, the Court granted *pro se* plaintiff Harry Edmond Reaves leave to amend his complaint, originally filed in the United States District Court for the Southern District of New York on July 17, 2007 and transferred to this Court on April 14, 2008. Plaintiff filed an amended complaint on August 20, 2008. The amended complaint fails to cure the deficiencies in the prior complaint and is hereby dismissed.

## BACKGROUND

The original Complaint expressed plaintiff's frustration with the provision of housing for homeless veterans in New York City, and requested an explanation from the Veterans Administration ("V.A.") and the City of New York regarding the implementation of programs and services for himself and other homeless veterans. As neither the United States Constitution nor any of the statutes or regulations regarding veterans of the United States armed services establish any fundamental right to public housing or emergency shelter, plaintiff's original complaint failed to state a claim or establish the subject-matter jurisdiction of the federal court.

Liberally construing the complaint, the Court found that plaintiff's concern with being "treated fairly" and receiving "fair housing" might suggest a cognizable claim under 42 U.S.C. § 1983, or the Fair Housing Act, 42 U.S.C. § 3601, et seq. Accordingly, the Court granted leave to amend the complaint.

Plaintiff filed an amended complaint, but it merely reiterates his concerns about the housing programs administered by the City of New York and the V.A. Plaintiff does not suggest that his ineligibility for these programs is a result of invidious or discriminatory treatment or another deprivation of his civil rights that could trigger the protections established under § 1983 and the Fair Housing Act.

The amended complaint adds several new claims over which this Court also does not have subject matter jurisdiction, including vague allegations regarding the adoption of his children, his advocacy of the war in Iraq and assistance to President George W. Bush, and his belief that he is being followed by unknown individuals and former President Bill Clinton.

Plaintiff further alleges that "on or about 3/23 or 3/24 I was brutally assulted [*sic*] at the Borden Avenue Veteran's Residence by the Security being provided by the Salvation Army under contract." (Amended Complaint at 14.) He claims that after this alleged assault, he was left lying in a pool of blood and that he woke up the next night in Elmhurst Hospital. (Id.)

## DISCUSSION

### I. Standard of Review

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is

2

immune from such relief." 28 U.S.C. § 1915(e)(2)(B). However, a *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Indeed, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a *person* acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (emphasis added). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

## II. No State Action

Plaintiff's claims regarding the alleged assault at the Borden Avenue Veterans Residence operated by the Salvation Army fail to state a claim under § 1983 because he fails to adequately allege state action. Plaintiff does not allege that any of the named federal or New York City agencies or employees were responsible for the alleged assault. Although he does not name them in the caption of the complaint or amended complaint, Plaintiff asserts that "security being provided by the Salvation Army under contract" was responsible for the alleged assault. (Amended Complaint at 14.) However, the Salvation Army is a private organization and its staff

members are not "state actors." Even if Plaintiff intends to assert that the Borden Avenue shelter and the alleged perpetrators were "under contract" with the City of New York, he has failed to show that they may be considered state actors for purposes of § 1983 liability.

While there is no single test to identify state actors, Horvath v. Westport Library Ass'n, 362 F.3d 147, 151 (2d Cir. 2004)(quoting Brentwood Academy v. Tennessee Secondary School Athletic Ass'n, 531 U.S. 288, 294 (2001), "courts have been reluctant to conclude that actions by organizations other than state or municipal agencies constitute state action for the purposes of section 1983." Williams v. Crawford, No. 88 CV 80 (TCP), 1988 WL 52198, at *1 (E.D.N.Y. May 13, 1988) (citing Jackson v. Metropolitan Edison Co., 419 U.S. 345, 350-51 (1974)). Thus, private contractors, even if significantly or totally engaged in performing public contracts, do not become state actors simply by virtue of that relationship. See Rendell-Baker v. Kohn, 457 U.S. 830, 841 (1982). The relevant question in determining whether a private entity's acts are taken under color of state law for purposes of §1983 is not simply whether a private group is serving a public function, but "whether the function performed has been 'traditionally the exclusive prerogative of the State.'" Id. at 842 (quoting Jackson, 419 U.S. at 353). Because the test for when a private entity performs a public function is quite stringent, the "public function" doctrine has been recognized only in limited situations. See Utah Gospel Mission v. Salt Lake City Corp., 425 F.3d 1249, 1255 (10th Cir. 2005); Doe v. Harrison, 254 F. Supp. 2d 338, 343 (S.D.N.Y. 2003); see also Stone v. New York City Dep't of Homeless Servs., No. 04 CV 2885 (NG), slip op. at 17 (E.D.N.Y. January 21, 2005) (dismissing § 1983 claim against the Salvation Army because "[t]he provision of food and shelter to the homeless is hardly an exclusive prerogative of the State"), aff'd 159 Fed. Appx. 324 (2d Cir. 2005); Vargas v. Salvation Army, 649 F. Supp.

763, 768 (N.D. Ill. 1986) (concluding that the Salvation Army did not perform a public function in caring for the sick and elderly, even when operating under the regulation and control of the state). There is no government obligation to provide adequate housing. Lindsey v. Normet, 405 U.S. 56, 74 (1972). Although New York City government has made a policy choice to join religious, charitable and other private institutions in providing homeless services, the City's decision to provide services "in no way makes these services the exclusive province of the State." Rendell-Baker, 457 U.S. at 842.

In light of this case law, plaintiff's allegation that the security officers were "under contract" with the Salvation Army or the City of New York is insufficient to allege state action. See Rendell-Baker, 457 U.S. at 841. Although plaintiff could amend his complaint to allege that the Borden Avenue Veterans Residence is largely, if not exclusively, state-funded and subject to various government regulations, such allegations would also be insufficient to make out the state action requirement. See Blum v. Yaretsky, 457 U.S. 991, 1011 (1982) ("[P]rivately owned enterprises providing services that the State would not necessarily provide" are not state actors, even if they are "extensively regulated."); Williams, 1988 WL 52198, at *2 (state regulation and state funding would be insufficient to make the Salvation Army's Brooklyn Rehabilitation Center or its employees state actors under § 1983). Since plaintiff's complaint does not suggest any other factual basis for alleging state action, this Court concludes that it would be futile to grant plaintiff leave to further amend his complaint with respect to this issue.

## CONCLUSION

None of plaintiff's renewed claims regarding temporary housing nor any of the new allegations in the amended complaint state a claim on which relief may be granted. Accordingly,

the amended complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                                                              s/ Judge Raymond J. Dearie
                                                             RAYMOND J. DEARIE
                                                             United States District Judge

Dated: Brooklyn, New York
       January 5, 2009