```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK                    NOT FOR PUBLICATION
-----------------------------------------------------------------x
HARRY EDMOND REAVES,

                    Plaintiff,                  CORRECTED
                                                MEMORANDUM AND ORDER
          -against-
                                                08-CV-1624 (RJD)
DEPARTMENT OF VETERANS AFFAIRS
(SECRETARY NICHOLAS);
THE NEW YORK CITY DEPARTMENT OF
HOMELESS SERVICES (COMMISSIONER HESS);
THE SALVATION ARMY; and
SENATOR HILLARY RODHAM CLINTON,

                    Defendants.
-----------------------------------------------------------------x
```
DEARIE, Chief Judge.

By Order dated July 21, 2008, the Court granted *pro se* plaintiff Harry Edmond Reaves leave to amend his complaint originally filed in the United States District Court for the Southern District of New York on July 17, 2007 and transferred to this Court on April 14, 2008. Plaintiff filed his Amended Complaint on August 20, 2008. The Amended Complaint fails to cure the deficiencies in the prior complaint and is hereby dismissed.

## BACKGROUND

The original complaint expressed plaintiff's frustration with the provision of housing for homeless veterans in New York City, and requested an explanation from the Veterans Administration ("V.A.") and the City of New York regarding the implementation of programs and services for himself and other homeless veterans. As neither the United States Constitution nor any of the statutes or regulations regarding veterans of the United States armed services establish any fundamental right to public housing or emergency shelter, plaintiff's original complaint failed to state a claim or establish the subject-matter jurisdiction of the federal court.

Liberally construing the complaint, the Court found that plaintiff's concern with being "treated fairly" and receiving "fair housing" might suggest a cognizable claim under 42 U.S.C. § 1983, or the Fair Housing Act, 42 U.S.C. § 3601, et seq. Accordingly, the Court granted leave to amend the complaint.

Plaintiff filed an amended complaint, but it merely reiterates his concerns about the housing programs administered by the City of New York and the V.A. Plaintiff does not suggest that his ineligibility for these programs is a result of invidious or discriminatory treatment or another deprivation of his civil rights that could trigger the protections established under § 1983 and the Fair Housing Act.

The amended complaint adds several new claims over which this Court also does not have subject matter jurisdiction, including vague allegations regarding the adoption of his children, his advocacy of the war in Iraq and assistance to President George W. Bush, and his belief that he is being followed by unknown individuals and former President Bill Clinton.

Plaintiff further alleges that "on or about 3/23 or 3/24 I was brutally assulted [sic] at the Borden Avenue Veteran's Residence by the Security being provided by the Salvation Army under contract." (Amended Complaint at 14.) He claims that after this alleged assault, he was left lying in a pool of blood and that he woke up the next night in Elmhurst Hospital. (Id.)

## DISCUSSION

### I. Standard of Review

Title 28, Section 1915(e)(2)(B) of the United States Code requires a district court to dismiss a case if the court determines that the complaint "is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B). However, a *pro se* plaintiff's submissions are held "to less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quoting Haines v. Kerner, 404 U.S. 519, 520 (1972)). Indeed, a court must "read the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (quoting Burgos v. Hopkins, 14 F.3d 878, 790 (2d Cir. 1994)). If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

## II. Section 1983

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a *person* acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (emphasis added). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.

Purely private conduct is not actionable under § 1983, "no matter how discriminatory or wrongful." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)(quotations omitted). However, the under-color-of-state-law requirement can be applied to private individuals in certain limited circumstances, such as where the private individual is engaged in a "public function" or performs conduct that is "fairly attributable to the state." Id., 526 U.S. at 51. The public function exception is narrow. The Supreme Court has made clear that "the relevant question is not simply whether a private group is serving a 'public function.' ... [T]he question is

whether the function performed has been 'traditionally the *exclusive* prerogative of the State.'" Rendell-Baker v. Kohn, 457 U.S. 830, 842 (1982)(quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 353 (1974)).

A private entity does not become a state actor merely by performing under a state contract. Rendell-Baker, 457 U.S. at 841 ("Acts of such private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts."). Moreover, "[t]he mere fact that a business is subject to state regulation does not by itself convert its action into that of the State." Jackson, 419 U.S. at 350.

### III. Failure to State a Claim

The amended complaint fails to state a claim under § 1983 or the Fair Housing Act. No constitutional rights are implicated by plaintiff's concerns regarding his homelessness or the New York City or federal policies regarding homeless veterans. His allegations regarding the alleged assault at the Borden Avenue Veterans Residence could be construed as a claim for excessive use of force. However, plaintiff does not allege that any of the named federal or City officials were responsible for the alleged assault. Instead, he asserts that he was assaulted by "security being provided by the Salvation Army under contract." (Amended Complaint at 14.) None of these individuals are named in the caption of the complaint or amended complaint. The Court has considered granting plaintiff leave to further amend his complaint to name these individuals, but such an amendment would be futile because the security personnel are not state actors who could be subject to a § 1983 action.

The Salvation Army is a private organization, and its staff members are not "state actors." Even if Plaintiff intends to assert that the Borden Avenue shelter and the alleged perpetrators of

4

the assault were "under contract" with the City of New York, he cannot show that the shelter or the organization are performing a public function sufficient to turn the shelter or its employees into state actors for purposes of § 1983 liability. Access to food and shelter is not a constitutional right, nor is there any government obligation to provide adequate housing. Lindsey v. Normet, 405 U.S. 56, 74 (1972). New York City has chosen to provide homeless services, and City and state agencies regulate housing conditions and facilitate access to housing. But "[t]hat legislative policy choice in no way makes these services the exclusive province of the State." Rendell-Baker, 457 U.S. at 842. Accordingly, the provision of homeless services by a private organization, even under contract with the state or where subject to governmental regulation, does not turn the private organization or its employees into state actors. See Id. ("That a private entity performs a function which serves the public does not make its acts state action."); Stone v. New York City Dep't of Homeless Servs., No. 04 CV 2885 (NG), slip op. at 17 (E.D.N.Y. January 21, 2005) (dismissing § 1983 claim against the Salvation Army because "[t]he provision of food and shelter to the homeless is hardly an exclusive prerogative of the State"), aff'd 159 Fed. Appx. 324 (2d Cir. 2005); Williams v. Crawford, No. 88 CV 0080 (TCP), 1988 WL 52198, at *2 (E.D.N.Y. May 13, 1988)(state regulation and state funding would be insufficient to make the Salvation Army's Brooklyn Rehabilitation Center or its employees state actors under § 1983); Vargas v. Salvation Army, 649 F. Supp. 763, 768 (N.D. Ill. 1986)(concluding that the Salvation Army did not perform a public function in caring for the sick and elderly, even when operating under the regulation and control of the state). As plaintiff offers no other facts to support a finding of § 1983 liability against the security officers at the Salvation Army's Borden Avenue Veterans Residence, it would be futile to further amend the complaint in order to name these

individuals.

## CONCLUSION

None of plaintiff's renewed claims regarding temporary housing nor any of the new allegations in the amended complaint state a claim on which relief may be granted. Accordingly, the amended complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The foregoing is a corrected opinion and does not require a new Judgment to issue. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

                              s/ Judge Raymond J. Dearie
                              RAYMOND J. DEARIE
                              United States District Judge

Dated: Brooklyn, New York
       January 13, 2009